Filed 1/27/21  P. v. King CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES EARL KING,<br><br>    Defendant and Appellant. | B301396<br><br>(Los Angeles County Super. Ct. No. A393928) |

APPEAL from an order of the Superior Court of Los Angeles County, Norman J. Shapiro, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Charles S. Lee and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Charles Earl King (defendant) appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends that the trial court was required to appoint counsel and permit briefing prior to making a determination of defendant's eligibility for relief.  Finding no merit to defendant's contention, we affirm the order.

## BACKGROUND

**The 1984 conviction[2]**

On August 9, 1983, De Jun Gant was shot and killed in the presence of at least six witnesses as he was leaving a liquor store.  Four of the witnesses positively identified defendant as the shooter, and the other two witnesses said that defendant resembled the shooter.  Defendant was convicted of first degree murder with a true finding pursuant to section 12022.5 that he personally used a firearm.  Defendant was sentenced to a prison term of 27 years to life.  The conviction was affirmed on appeal.

**The section 1170.95 petition**

In May 2019, defendant filed a petition for resentencing under section 1170.95.  On the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was not the actual killer, that he was convicted "pursuant to the felony murder rule or the natural and probable

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

[2]    We summarize the facts from our prior, unpublished opinion affirming defendant's conviction in *People v. King* (Dec. 20, 1985, B008353) [nonpub. opn.] (*King I*).)

consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." He also requested the appointment of counsel.

On July 15, 2019, the trial court summarily denied defendant's section 1170.95 petition on the ground that defendant had been convicted of first degree murder as an actual shooter, making him ineligible for resentencing under section 1170.95.

Defendant filed a timely notice of appeal from the order denying his petition.

## DISCUSSION

Defendant contends the trial court erred by summarily denying his resentencing petition without appointing counsel to represent him, in violation of his constitutional rights.[3] Defendant argues that the trial court was required to review only his petition to determine his eligibility. He argues that as his petition contained all the required allegations, the court was required to appoint counsel, receive briefs from both the prosecution and the defense, determine whether he made a prima facie showing of entitlement to relief, and if so, issue an order to show cause why relief should not be granted.

---

[3] Defendant does not specify which constitutional rights he claims to have been violated. In his reply brief, defendant argues that the trial court's error was structural, requiring automatic reversal, but he does not provide argument or authority in support of this assertion. We need not consider such "perfunctory assertion[s] unaccompanied by supporting argument. [Citation.]" (*People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8.)

A petitioner under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing, and a hearing only if in his petition, a prima facie showing that he is entitled to relief is made.  (See § 1170.95, subds. (c) & (d).)  A "'prima facie showing is one that is sufficient to support the position of the party in question.'  [Citation.]"  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 977 (*Drayton*), quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)  As relevant here, a person is entitled to relief under section 1170.95 if, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)  A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer."  (§ 189, subd. (e)(1).)

Where a petition alleges each element necessary to make out a prima facie case for relief under section 1170.95, a trial court is not required to accept those allegations at face value, but may also examine the record of conviction.  (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *Drayton*, *supra*, 47 Cal.App.5th at p. 968; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *People v.*

*Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 119-121, review granted Nov. 10, 2020, S264684.)  The record of conviction includes such documents as the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment."  (*Verdugo*, at pp. 329-330.)  The record of conviction may also include any appellate opinion in the case.  (See *Lewis*, at pp. 1138-1139.)  However, the contents of the record of conviction will defeat a defendant's prima facie showing only when the record "show[s] *as a matter of law* that the petitioner is not eligible for relief."  (*Lewis*, at p. 1138, italics added; *Verdugo*, at p. 333; *Torres*, at p. 1177; *Drayton*, at p. 968; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*) [record must show defendant is "indisputably ineligible for relief"].)

Defendant suggests that the trial court should have followed an analogous habeas corpus procedure, to assume the truth of the petition's factual allegations in determining whether a prima facie showing of entitlement to relief was been made.  However, even in a habeas proceeding a court is not required to assume the allegations are true if they are directly contradicted by the court's own records.  (*In re Serrano* (1995) 10 Cal.4th 447, 456.)

Here, the trial court correctly concluded that defendant did not make a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible for relief.  The jury found beyond a reasonable doubt that defendant was the actual killer and personally used a firearm.  Thus, the changes to sections 188 and 189 are inapplicable, and

defendant is ineligible for resentencing under section 1170.95 as a matter of law.  (See *Cornelius*, *supra*, 44 Cal.App.5th at p. 58; *Tarkington*, *supra*, 49 Cal.App.5th at pp. 899, 910.)

We agree with respondent that if the trial court had followed an erroneous procedure, any error would be harmless. Defendant argues that we should apply the test applied to federal constitutional error as stated in *Chapman v. California* (1967) 386 U.S. 18, 24, to determine whether the error was harmless beyond a reasonable doubt.[4]  As the record of conviction shows that defendant is ineligible for resentencing under section 1170.95 as a matter of law, we would find the claimed error harmless under any standard.

---

[4]    Defendant does not identify the constitutional error he believes was violated.  (*Ante*, fn. 3.)  However, assuming he means to suggest a violation of his right to counsel under the Sixth Amendment to the United States Constitution, prisoners have no federal "constitutional right to counsel when mounting collateral attacks upon their convictions [citation]." (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.)  Under the federal constitution, the right to appointed counsel extends only to trial and the first appeal; and when states enact statutes to provide other postconviction relief, they have substantial discretion to develop and implement such programs.  (*Id*. at pp. 557-559.)

6

## DISPOSITION

The order of the superior court denying defendant's petition for resentencing under section 1170.95 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST